**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF `LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| J. HOUSTON BOSLEY, ET AL. | CIVIL ACTION NO. 05-0554 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| GREAT AMERICAN NORTHERN INSURANCE COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by the Defendant, Great American Northern Insurance Company ("Great American"). [Doc. No. 13]. Plaintiffs, J. Houston Bosley and Deborah Bosley ("the Bosleys"), have sued Great American seeking to recover property damages, penalties and attorneys fees pursuant to a policy of insurance. Great American moves for summary judgment dismissing all claims as untimely. For the reasons which follow, the motion for summary judgment is **GRANTED.**

**FACTUAL BACKGROUND**

The loss giving rise to the instant suit occurred on September 1, 2001. [Rec. Doc. 1 at ¶ 3]. The homeowner's insurance policy issued to the Bosleys by Great American provides:

> **Legal action against us**
> You agree not to bring action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

[Doc. No. 13, Ex. A at p. Y-5]. On November 13, 2001, Great American made a payment to the Bosleys in the amount of $101,709.79. [Rec. Doc. No. 17-2 at No. 4]. The Bosleys filed the instant suit on February 25, 2005 seeking additional sums from Great American.

**LAW AND ANALYSIS**

**I.     Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations,

unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant cannot meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II. Timeliness of Plaintiffs' Claims.

Here, the Great American policy at issue clearly requires that suit be filed within one year of the date of loss. Such a limitation is allowable under Louisiana law. See La. R.S.

22:691; La. R.S. 22:629.[1] The provision is written in clear, unambiguous language. The loss occurred on September 1, 2001. Suit was not filed until February 25, 2005. Accordingly, the Bosleys' complaint is untimely on its face and the burden shifts to them to show the suspension, interruption or renunciation of prescription. Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).

Prescription is interrupted when one acknowledges the right of the person against whom prescription is running. La. C.C. art. 3464. An acknowledgment erases all accrued time and the prescriptive period commences anew from the last date of interruption. La. C.C. art. 3466. Here, a payment was made to the Bosleys on November 13, 2001. This payment interrupted prescription. Accordingly, the Bosleys had one year from that payment, or until November 13, 2002, in which to file suit. They failed to do so.

Plaintiffs' Opposition argues that there is a question of fact as to whether the November 13, 2001 payment was intended to be payment in full or was merely intended to be a partial payment. However, this factual dispute cannot defeat the motion for summary judgment because the nature of the payment is **immaterial** to the interruption of prescription. Plaintiffs' argument that the payment somehow constituted a waiver of prescription altogether is simply not supported by the authority cited.

## CONCLUSION

The payment made to the Bosleys on November 13, 2001, whether intended to be payment in full or only a partial payment, served to interrupt prescription. Since the Bosleys failed to file suit against Great American within one year after that payment, their claims are now untimely as a matter of law.

---

[1] Sitting as an Erie court in a diversity case, this Court must apply Louisiana law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Therefore:

**IT IS ORDERED** that the Defendant's "Motion for Summary Judgment" [Doc. No. 13] be **GRANTED**, dismissing Plaintiffs' claims, with prejudice, at their cost.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 3rd day of March , 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE